**Bazel E. CROWE and Bazel E. Crowe & Associates, Inc., Relators,**

v.

**Honorable R.L. SMITH, Respondent.**

**No. B14–83–605CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1983.

John Murray, Ramsey & Murray, Houston, for relators.

Don M. Barnett, Stradley, Barnett & Stein, Houston, Roland Scott Lyford, Atty. Gen. of Tex., Austin, for respondent.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

In this original proceeding, relators seek a writ of mandamus compelling respondent to set aside an "Order Granting Plaintiff's Motion to Quash the Notice and Deposition of Michael M. Donovan, M.D.", and to set aside an order denying relator's request for a rehearing on the motion to quash. We conditionally grant the writ.

Patricia A. Ramsey filed a negligence suit against relators in the 165th Judicial District Court of Harris County. Ramsey alleged that she was injured in a vehicle accident as a result of Bazel E. Crowe's negligence. Through interrogatories propounded to Ramsey, relators learned that she had been examined by several doctors, including Dr. Michael M. Donovan, an orthopedic surgeon. Relators obtained medical records showing that Ramsey had filed a worker's compensation claim with an in-

surance company, and that Dr. Donovan examined Ramsey at the request of the insurance company. Since Dr. Donovan's report was favorable to relators' case, they sought to depose him.

On June 28, 1983, respondent entered an order quashing the taking of the deposition of Dr. Donovan and on August 10, 1983, respondent denied relators' request for a rehearing on that June 28th ruling, relators then petitioned this court to issue a writ of mandamus to set aside those orders.

■ The writ of mandamus is proper when the trial court has clearly abused its discretion in denying discovery of properly discoverable information. *Barker v. Dunham*, 551 S.W.2d 41 (Tex.1977). Thus, the question before us is whether the trial court committed a "clear abuse of discretion" by quashing the taking of the deposition of Dr. Donovan. *Id.* at 42.

The applicable rule of procedure states, in pertinent part:

> Any party may take the testimony of any person, ... by deposition upon oral examination ... for the purpose of discovery or for use of evidence in the action or for both purposes. Provided, however, that subject to the provisions of the succeeding sentence, the rights herein granted ... shall not require the production of written statements of witnesses or disclosure of the mental impressions and opinions of experts used *solely for consultation and who will not be witnesses in the case....* TEX.R.CIV.P. 186a. (Emphasis added).

Respondent contends that Dr. Donovan was used "solely for consultation" and, thus, was not subject to discovery by deposition under rule 186a. We disagree.

We can find no clear explanation in Texas jurisprudence of the language in Rule 186a reading, "solely for consultation". However, it has been suggested by former Texas Supreme Court Justice, Ruel C. Walker, that the language in question contemplates "a situation in which an expert is retained at the outset to assist in investigating the case and preparing for trial and whose efforts are devoted exclusively to

those ends." Walker, *Discovery 1973 Amendments to Texas Rules*, 38 Tex.B.J. 27, 31 (1975). Justice Walker also suggested that "an expert is not necessarily a consultant merely because he will not be called as a witness." *Id.*

■ In the case at bar, there was no clear showing that Dr. Donovan was used by Ramsey's counsel solely for assistance in preparing for trial and that his efforts were devoted exclusively to those ends. Ramsey's counsel even conceded that he did not send her to Dr. Donovan for "consultation" or anything else. Ramsey failed to establish that Dr. Donovan directly aided her attorney in the investigation and preparation of the case. We conclude that the trial court abused its discretion in denying the deposing of Dr. Donovan.

We anticipate that respondent will proceed in accordance with this opinion by vacating his June 28th and August 10th orders in this cause. We therefore direct the clerk of this court not to issue the writ unless this Court learns that the court below is not taking the appropriate action.

The writ is conditionally granted.